UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDREA ZINGARO, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 08-6214(FSH) |
| | : | |
| v. | : | |
| | : | |
| TOPS PERSONNEL, INC., et al. | : | ORDER ON INFORMAL |
| | : | APPLICATION |
| Defendants, | : | |

This matter having come before the Court by way of submissions filed May 13, 2009 and May 14, 2009;

and the Court having reviewed the submission, claims, defenses, the applicable rules of the Federal Rules of Civil Procedure, case law, and orders;

and for the reasons set forth in the Opinion set forth on the record on May 18, 2009;

and for good cause shown,

IT IS ON THIS 18th day of May, 2009

ORDERED that, with respect to the plaintiff's objection to the defendant's interrogatories based upon the assertion that they violate the "no subpart" rule, said objection is overruled

IT IS FURTHER ORDERED that plaintiff shall provide responses to the interrogatories no later than **May 29, 2009;**

IT IS FURTHER ORDERED that, with respect to Plaintiff's Interrogatory No. 2, no later than **May 29, 2009**, the defendant shall identify the owners of the defendant or certify that the

defendant controlled the termination decision and is the proper party against whom to seek a judgment if the plaintiff proves her claims;

IT IS FURTHER ORDERED that, with respect to Plaintiff's Interrogatories Nos. 3 and 6 and Request for Documents Nos. 34 and 44, no later than **May 29, 2009**, the defendant shall identify: (1) the names and employer of individuals who were involved in the decision to terminate plaintiff's employment, and (2) the names and employers of individuals who performed human resource functions responsible for and/or have knowledge about the plaintiff's job performance, the reasons for her termination, requests for leave, and/or requests for an accommodation;

IT IS FURTHER ORDERED that, with respect to Plaintiff's Interrogatory No. 15, no later than **May 29, 2009**, the defendant shall provide the facts upon which it relies to assert that the defendant TOPS alone is the plaintiff's employer;

IT IS FURTHER ORDERED that, with respect to Plaintiff's Request for Document No. 14, no later than **May 29, 2009**, the plaintiff shall provide the insurance policy that would be discoverable under Fed. R. Civ. P. 26(a)(1)(A) or certify that no insurance would pay a judgment in this case if one were entered against the defendants;

IT IS FURTHER ORDERED that, with respect to Plaintiff's Request for Document No. 28, no later than **May 29, 2009**, the defendant shall produce copies of or make available for inspection the policies it provides to its employees or posts at the worksite regarding FMLA, ADA, NJLAD and other anti-discrimination laws;

IT IS FURTHER ORDERED that, with respect to Plaintiff's Request for Documents No. 29, no later than **May 29, 2009**, the defendant shall produce its audited financial statement for the years 2007 and 2008 for counsel's and expert's eyes only.  If it does not have an audited financial

statement, then it shall confer with the plaintiff about the type of information it has available that would disclose similar information;

      IT IS FURTHER ORDERED that, with respect to Plaintiff's Request for Documents No. 30, 32, 33, and 34 no later than **May 29, 2009**, the defendant shall produce the following for Peter Chau and Charles Kirsch: (1) a list of the training that each received concerning the FMLA, ADA, NJLAD, diversity in the workplace, and employment discrimination since 2003 or, if such information has been disclosed, provide a list that identifies by description of document or bates number the documents that embody the information about the training each received, and (2) documents, including memoranda, emails, complaints, and portions of performance evaluations that embody their compliance with, lack of compliance with, or complaints about conduct that implicate the FMLA, ADA, and the anti-discrimination laws. Said documents shall be for attorneys and experts' eyes only and shall be used only for the purposes of this litigation.;

      IT IS FURTHER ORDERED that, with respect to Plaintiff's Document Demand No. 36, no later than **May 29, 2009**, the defendant shall provide the name and resume (if one exists) of the person who replaced the plaintiff;

      IT IS FURTHER ORDERED that, with respect to Plaintiff's Document Demand No. 43, no further response is required;

      IT IS FURTHER ORDERED that, unless the plaintiff represents that she does not contend that the defendants' actions caused or exacerbated a medical and/or emotional condition or does not contend she was disabled and required an accommodation, the plaintiff shall appear for a medical examination pursuant to Fed. R. Civ. P. 35 to address the conditions at issue; and

      IT IS FURTHER ORDERED that, no later than **May 28, 2009**, the plaintiff shall provide the defendants with a proposed amended complaint that joins parties. No later than **June 1, 2009**,

the defendant shall advise the plaintiff and the Court whether or not it will oppose the filing of such a pleading.  If the defendant represents that it will not oppose the request for leave to file the amended complaint without prejudice to any defenses it may seek to lodge, then the plaintiff shall file the Amended Complaint no later than **June 5, 2009.**  If the defendant advises that it intends to oppose the filing the proposed Amended Complaint, then the plaintiff shall file a motion for leave to file an Amended Complaint to join parties no later than **June 5, 2009**.

 s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE